UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AHERN RENTALS, INC., | Case No. 2:21-CV-1503 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| KAELA BILODEAU, | |
| Defendant(s). | |

Presently before the court is plaintiff Ahern Rentals, Inc.'s ("Ahern") emergency motion for temporary restraining order. (ECF No. 10).

Also before the court is defendant Kaela Bilodeau's ("Bilodeau") emergency motion to stay this matter. (ECF Nos. 16, 18).[1] No responses have been filed to any of the motions.

**I.   Background**

Ahern, a Nevada equipment rental company with locations across the world, brings this action against its former employee, Bilodeau, for breach of contract, breach of the implied covenant of good faith and fair dealing, and injunctive relief. (ECF No. 1-2).

In February 2020, Ahern hired Bilodeau as an outside sales representative for two of Ahern's locations in Houston, Texas. (ECF No. 10-3 at ¶ 3). For this employment, Ahern required Bilodeau to sign a non-competition, non-solicitation, and non-disclosure agreement (the "Agreement"). (ECF No. 10-2). The Agreement designates a twelve-month period immediately following termination of employment (the "Restrictive Period") and a 100-mile radius of any store Bilodeau worked for during her employment (the "Restricted Area"). (*Id.* at §§ 2.1, 2.4).

---

[1] Bilodeau filed identical motions to stay at ECF Nos. 16 and 18.

**James C. Mahan**
**U.S. District Judge**

The Agreement's non-competition clause prohibits Bilodeau from gaining employment with Ahern's competitors during the Restrictive Period and within the Restricted Area. (*Id.* at § 2). The Agreement's non-solicitation clause prohibits Bilodeau, during the Restrictive Period and within the Restricted Area, from soliciting any business similar to that performed by Ahern from Ahern's recent, current, and prospective customers. (*Id.* at §§ 2.1, 2.3). The Agreement's non-disclosure clause prohibits Bilodeau, at any time, from disclosing, using, or removing Ahern's confidential information for the benefit of herself or third parties. (*Id.* at § 3).

Additionally, the Agreement includes a forum selection clause that requires any disputes arising from the Agreement be heard and resolved exclusively by a court in Nevada and in accordance with Nevada's laws. (*Id.* at § 8). Pursuant to the forum-selection clause, Bilodeau consents to personal jurisdiction in Clark County, Nevada, and waives to any objections of forum non-conveniens or improper venue. (*Id.* at § 8).

Between February, 2020, and April, 2021, Bilodeau did business on behalf of Ahern with thirty-nine customers, generating $125,000 in rental volume. (ECF No. 10-3 at ¶ 13). On April 23, 2021, Bilodeau resigned from her position with Ahern. (*Id.* at ¶ 7). By late May, 2021, Bilodeau began working as an outside sales representative for Briggs Equipment—whom Ahern describes as "a direct competitor" in the Houston market—in Houston, Texas. (*Id.* at ¶ 10).

On May 20, 2021, Ahern sent Bilodeau a cease-and-desist letter citing her obligations under the Agreement. (*Id.* at ¶ 12). In response, Bilodeau brought a declaratory judgment action against Ahern seeking a declaration that the Agreement is unenforceable. (ECF No. 10 at 6 n.3).[2] Ahern, claiming that the Agreement's forum selection clause prohibits the Texas action from continuing, then brought this action in Nevada state court. (ECF No. 10-2 at § 8). Bilodeau subsequently removed this action to this court. (ECF No. 1).

On August 20, 2021, the Honorable Magistrate Judge Andrew M. Edison entered an order recommending that Ahern's Motion be granted, and that the Texas action be transferred to

---

[2] The Texas matter is styled *Bilodeau v. Ahern Rentals, Inc.*, Case No. 4:21-cv-2209 (S.D. Tex.).

**James C. Mahan**
**U.S. District Judge**

- 2 -

this court.  (ECF No. 21-2).  Having sole jurisdiction over this matter, this court now reviews Ahern's motion for a temporary restraining order to enforce the Agreement.  (ECF No. 10).

## II.     Legal Standards

Emergency Motion Designation

Emergency motions should be rare. LR 7-4(b). They impose administrative burdens and impede the adversarial process. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015).  An emergency motion in federal court "must involve some significant degree of urgency, severity, and irreparability, and it must be a situation a court is well suited to remedy." *Goldberg v. Barreca*, 2:17-cv-2106-JCM-VCF, 2017 WL 3671292, at *5 (D. Nev. Aug. 24, 2017).  A matter is, in fact, an emergency when the moving party will be "irreparably prejudiced" if the court resolves the motion on a normal briefing schedule and is "without fault in creating the crisis that requires emergency relief" or can show excusable neglect.  *Id.* at 1142; *see also* LR 7-4(c).

Temporary Restraining Order

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order ("TRO") when the movant alleges "specific facts in an affidavit" that immediate and irreparable harm will occur before the adverse party can be heard in opposition.  Fed. R. Civ. P. 65(b)(1)(A).  TROs and preliminary injunctions are extraordinary remedies meant to "preserve the status quo" and "prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).  The standard for granting a TRO is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The court considers the following elements in determining whether to grant preliminary injunctive relief: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest.  *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

James C. Mahan
U.S. District Judge

The movant must satisfy all four elements; however, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This "sliding scale" approach dictates that when the balance of hardships weighs heavily in the movant's favor, he only needs to demonstrate "serious questions going to the merits." *Id.* at 1135.

Although plaintiff is not required to show actual harm at the preliminary injunction stage, plaintiff "must establish that irreparable harm is likely, not just possible." *Id.* at 1131. The likely harm must be supported by a "clear showing." *Mazurek*, 520 U.S. at 972, 117 S.Ct. 1865.

**III.  Discussion**

　A. Emergency status

Proceeding in this matter on an emergency basis is unwarranted. Despite the parties' "emergency" status on the motions, the parties claim to have agreed that there would be no request for a TRO the week of filing. (ECF No 18 at 5). Further, Ahern fails to show that it will be irreparably prejudiced by waiting for the already expeditious briefing schedules for temporary restraining orders and preliminary injunctions. Finally, Ahern could have filed this action sooner had it wanted more expedited treatment.

Accordingly, the court DENIES the parties requests to proceed on this matter on an emergency basis.

　B. Motion to Stay

Bilodeau moves to stay this case in deference to the Texas matter. (ECF Nos. 16, 18). As the Texas matter is being transferred to this court (*See* ECF No. 21-2), Bilodeau's motion is moot.

Accordingly, Bilodeau's motion to stay this matter is DENIED.

　C. Temporary restraining order

Consistent with the following, the court DENIES Ahern's motion for a temporary restraining order ("TRO") because Ahern fails to allege specific facts showing that immediate and irreparable harm will occur before the adverse party can be heard in opposition.

**James C. Mahan**
**U.S. District Judge**

- 4 -

At the TRO stage, the movant must allege "specific facts" that immediate and irreparable harm will occur before the non-movant can respond. Fed. R. Civ. P. 65(b)(1)(A). Intangible harms, such as a loss of customers or goodwill, can constitute irreparable injuries so long as the losses are not speculative. *Farmer Bros. Co. v. Albrecht*, No. 2:11-CV-01371-PMP, 2011 WL 4736858, at *3 (D. Nev. Oct. 6, 2011) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001)). Irreparable harm can also be shown when a former employee uses knowledge gleaned from a former employer to compete against that business in violation of a non-compete agreement. *See Accelerated Care Plus Corp. v. Diversicare Mgmt. Servs. Co.*, No. 3:11-CV-00585-RCJ, 2011 WL 3678798, at *5 (D. Nev. Aug. 22, 2011) (citing *JAK Productions, Inc. v. Wiza*, 986 F.2d 1080, 1084 (7th Cir. 1993)).

Here, Ahern alleges that if Bilodeau is not enjoined it will suffer irreparable harm including "damage to Ahern's competitive advantage and know-how; damage to Ahern's reputation and goodwill; damage to Ahern's relationships with customers; and the potential loss of sales employees vital to Ahern's operations who may be incentivized to similarly violate their agreements." (ECF No. 10 at 2). Ahern avers that "[t]his damage will only continue to grow as Ahern remains vulnerable to further breaches unless immediate action is taken." *Id.*

Ahern fails to provide specific facts which elevate the alleged irreparable harm from possible to likely. For instance, Ahern does not allege that Bilodeau is actively soliciting Ahern's customers or disclosing Ahern's confidential information to Briggs Equipment. Without further specific allegations, Ahern's alleged intangible irreparable injuries—"such as damage to goodwill or loss of prospective customers"—are entirely speculative.

Ahern has alleged that Bilodeau is currently employed by Ahern's direct competitor in the Restricted Area during the Restrictive Period. (ECF No. 10-3 at ¶10). While this alleged violation of the non-competition clause may Ahern harm, it does not threaten immediate and irreparable harm that will occur before Bilodeau can respond.

Accordingly, a TRO is improper at this time. The court instead sets the following briefing schedule for Ahern's requested preliminary injunction: Bilodeau's response to Ahern's motion for preliminary injunction (ECF No. 11) is due fourteen days from the date of this order;

**James C. Mahan**
**U.S. District Judge**

- 5 -

Ahern may file any reply within seven days of that response; and a preliminary injunction hearing is set for September 23, 2021 at 11:00 AM in Courtroom 6A, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Ahern Rentals, Inc.'s motion for temporary restraining order (ECF No. 10) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Kaela Bilodeau's motion to stay this matter (ECF Nos. 16, 18) be, and the same hereby is, DENIED as moot.

The clerk is hereby instructed to set a briefing schedule for Ahern Rental Inc.'s remaining motion for preliminary injunction (ECF No. 11) in accordance with this order.

DATED August 25, 2021.

_____
UNITED STATES DISTRICT JUDGE